

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 26, 1964

Honorable.E. L. Hamilton
County Attorney
Terry County
Brownfield, Texas

Opinion No. C-257

Re: Construction of Article
802e, V.P.C., concerning
conviction of minors.

Dear Mr. Hamilton:

You recently requested an opinion of this office on the following questions:

1. Upon a final conviction of a minor defendant of an offense as provided in Article 802e, Vernon's Penal Code, after which conviction said defendant refuses to pay the fine assessed, and in addition refuses to surrender his driver's license after being ordered to do so by the court, what means may be used to compel said defendant to surrender his driver's license until such fine has been paid?

2. How can Article 802e, Vernon's Penal Code, be enforced if the Juvenile Courts are deprived of jurisdiction?

3. In the event a minor, after having his license suspended in accordance with Article 802e, Vernon's Penal Code, drives an automobile during such suspension, how may a conviction for such violation be enforced?

Since all three questions presented concern enforcement of Article 802e, they shall be discussed together.

Article 802e, Section 1, Vernon's Penal Code, provides for penalties for certain enumerated offenses to be applied to minors within specified age groups. Sections 2 and 3 of said Article further provide as follows:

"Sec. 2. No such minor, after conviction or plea of guilty and imposition of fine, shall

be committed to any jail in default of payment of the fine imposed, but the court imposing such fine shall have power to suspend and take possession of such minor's driving license and retain the same until such fine has been paid.

"Sec. 3. If any such minor shall drive any motor vehicle upon any public road or highway in this state or upon any street or alley within the limits of any corporate city, town or village, or upon any beach as defined in Chapter 430, Acts of the 51st Legislature, 1949, without having a valid driver's license authorizing such driving, such minor shall be guilty of a misdemeanor and shall be fined as set out in Section 1 hereof."

Section 4 of Article 802e provides that the Juvenile Courts shall not have jurisdiction of the offenses set out in that Article.

As stated above, Section 2 of the Article specifically empowers that court imposing a fine for a violation of Section 1 to suspend and take possession of the minor's driver's license and retain same until such fine has been paid. Article 2386, Vernon's Civil Statutes, provides, among other things, as follows:

"Justices of the Peace shall also have power:

"1. To punish any party guilty of a contempt of court by fine not to exceed $25 and by imprisonment not exceeding one (1) day."

If the minor refuses to pay the fine assessed after a conviction under Article 802e, Sec. 1, Vernon's Civil Statutes, and, in addition, refuses to surrender his license as ordered by the court until the fine is paid, by authority of Article 2386, the court may order the minor to appear and show cause why he should not be held in contempt of court for failure to surrender his license as ordered. In this manner, an order of suspension under Article 802e may be enforced.

If, after his license has been suspended in accordance with

Article 802e, a minor operates a motor vehicle during such suspension, he should be prosecuted not under Sec. 1 of Article 802e but rather under Sec. 3 of that Article. Sec. 3, as has already been pointed out, creates the offense of driving without having a valid driver's license. It should be noted that the provision prohibiting the jailing of a minor for default of a fine imposed applies only to a fine assessed after a conviction for a violation of an offense created by Sec. 1, Article 802e. There is no such prohibition applying to a fine assessed after a conviction for a violation of Sec. 3, Article 802e. A minor convicted of a violation of Sec. 3 may be remanded to jail if the fine is not paid. Attorney General's Opinion WW-1220, a copy of which is attached.

## SUMMARY

A minor convicted of a violation of Article 802e, Sec. 1, V.P.C., who refuses to pay the fine assessed and refuses to surrender his driver's license until the fine is paid may be held in contempt of court. A minor who, after having his license suspended, drives a vehicle during such suspension, should be prosecuted under Article 802e, Sec. 3, V.P.C., and may be remanded to jail if he defaults in the payment of the fine assessed.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By SAM KELLEY
Assistant Attorney General

SK:cjp:aj

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Norman Suarez
Cecil Rotsch
Robert Smith
Ed Bolding
APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone